IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ELIZABETH R. EVANS                                                                PLAINTIFF

V.                                              CIVIL ACTION NO. 1:12CV247-SA-SAA

OKTIBBEHA COUNTY, MISSISSIPPI, GLENN
HAMILTON, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CIRCUIT CLERK OF OKTIBBEHA
COUNTY, MISSISSIPPI, MARVEL HOWARD, DANIEL
JACKSON, JOHN MONTGOMERY, ORLANDO K. TRAINER,
and JOE WILLIAMS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD
OF SUPERVISORS OF OKTIBBEHA COUNTY, MISSISSIPPI        DEFENDANTS

**MEMORANDUM OPINION**

Defendants Oktibbeha County, Glenn Hamilton, Marvel Howard, Daniel Jackson, John Montgomery, Orlando Trainer, and Joe Williams jointly filed a Motion to Dismiss [4] for lack of personal jurisdiction due to insufficient process and insufficient service of process. After reviewing the motion, response, rules and authorities, the Court makes the following findings:

Plaintiff Elizabeth Evans filed this suit against Defendants on July 5, 2012. Hamilton is the circuit clerk of Oktibbeha County; Howard, Jackson, Montgomery, and Williams serve on the Board of Supervisors of Oktibbeha County ("Board"); and Trainer is the president of the Board. On November 5, 2012, exactly 123 days after the suit was filed, Evans served summonses on Defendants in this manner: (1) on Oktibbeha County by stating service upon Hamilton as the county's agent, but actually delivering summons to the County Administrator Don Posey; (2) on Howard, Jackson, Montgomery, Williams, and Trainer by delivering summonses again to Don Posey; and (3) on Hamilton no service was or has been made to this date.

The fact that Evans did not serve summonses within the 120 day statutory deadline of Rule 4(m) of the Federal Rules of Civil Procedure is alone sufficient grounds to dismiss this case as to Oktibbeha County and all of the members of the Board in their individual and official capacities. The dismissal of this case, however, is further warranted by a plethora of defects in service. The service of summons on Oktibbeha County fails also because it was not made on the statutorily designated agent. Service upon a county in Mississippi shall be made by "delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." Miss. R. Civ. P. 4(d)(6). Neither Posey nor Hamilton are the president or clerk of the Board.

Next, the service of summons on each of the members of the Board being delivered to Posey is insufficient. Under Federal Rule of Civil Procedure 4(e) and Mississippi Rule of Civil Procedure 4(d)(1), Evans could have completed service of process upon each member of the Board either by personal delivery to each member or his agent or by leaving a copy at each individual's place of abode with a suitable adult.

Therefore, Defendants' Motion to Dismiss [4] is GRANTED and this case as to:

1. Oktibbeha County is DISMISSED for untimely and constitutionally insufficient service of process;
2. Howard, Jackson, Montgomery, Trainer, and Williams is DISMISSED with respect to both their individual and official capacities for untimely and constitutionally insufficient service of process; and
3. Hamilton is DISMISSED for failure to serve process.

This case is hereby DISMISSED.

SO ORDERED this the 29th day of July, 2013.

      /s/ Sharion Aycock<br>
      **U.S. DISTRICT JUDGE**